UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jung Keun Kim,<br><br>        Plaintiff,<br>v.<br><br>New York Meat, Inc and Jong Hwan No<br><br>        Defendants, | Index No. 21-CV-1422<br><br>**COMPLAINT** |

Plaintiff, Jung Keun Kim, through his attorneys, for his Complaint against New York Meat, Inc. and Jong Hwan No (collectively "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants never compensated Plaintiff with spread of hours pay nor overtime premium. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional.

### THE PARTIES

2. Plaintiff is at all times relevant hereto an employee of Defendants.

3. Plaintiff is at all times relevant hereto an individual employed in the State of New York by Defendants.

4. Plaintiff at all times relevant hereto resided in the State of New York.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6. Plaintiff is filing this FLSA claim as an individual action for himself.

7. For the period commencing on or about 1993 until December 11, 2020, Plaintiff Jung Keun Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

8. Plaintiff began his work around 5:30 a.m. and ended around 4:00 ~6:00 p.m. for 5 to 7 days per week. He regularly worked 12 hours a day and more than 72 hours per week.

9. Plaintiff was initially paid a straight $500.00. His wage was gradually raised and he was paid $800.00 per week in about 2017 and he was paid about $1,050.00 per week for the last three years without overtime compensation or spread of hours pay.

10. Plaintiff performed for Defendants the said hours work as an expressed condition of his continued employment.

11. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

12. Plaintiff performed manual labor for Defendants.

13. His primary duties are including delivery, invoicing, and collection of payment.

14. Plaintiff was assigned to the said manual labor by Defendants.

15. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

17. Plaintiff was required to report to work for Defendants at a certain time.

18. Plaintiff could not set his own hours of work for Defendants.

19. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20. Defendant Jong Hwan No ("No") is and was at all relevant times hereto engaged in the business of meat wholesale company.

21. Defendant No is and was at all relevant times hereto engaged in interstate commerce.

22. Defendant No managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

23. Defendant No participated in and approved of the unlawful pay practices of the business New York Meat, Inc.

24. Defendant No was involved in assigning work to Plaintiff.

25. Defendant No had the power and authority to discipline Plaintiff.

26. Defendant No exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

27. Defendant No hired Plaintiff.

28. Defendant No was in charge of paying employees.

29. Defendant No told Plaintiff where to work and when to work.

30. Defendants employed Plaintiff to do work for them in the State of New York.

31.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32.     Defendants provided the tools and equipment and materials for Plaintiff to do his job for Defendants.

33.     Defendants held Plaintiff out as an employee.

34.     Defendants employed and paid Plaintiff as their employee.

35.     Defendants are employers within the meaning of the term as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

36.     Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

39.     Defendants failed to pay Plaintiff the overtime premium for all hours worked in excess of 40 hours per workweek.

40.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

41.     New York Meat, Inc. is a New York corporation doing business as Hankook Meat Market and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42.     Upon information and belief, New York Meat, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had

4

employees engaged in commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

43. Upon information and belief, New York Meat, Inc., at all relevant times, was an employer as defined by FLSA and NYLL.

44. Defendant No is the President of New York Meat, Inc.

## JURISDICTION AND VENUE

45. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

46. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

47. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages properly to Plaintiff for all hours worked.

48. For the period commencing on or about 1999 until December 11, 2020, Plaintiff Jung Keun Kim regularly and customarily at the specific instruction and

demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

49. Plaintiff began his work at 5:30 a.m. and ended around 4:00 – 6:00 p.m. for 5-7 days per week. He regularly worked 12 hours a day and more than 72 hours per week.

50. Plaintiff was paid a straight wage per week without overtime premium or spread of hours pay.

51. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

52. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

53. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

54. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

55. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

56. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

57. Defendants' failure and refusal to pay overtime premium at one and one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

58. Defendants willfully violated the Fair Labor Standards Act by refusing to pay

Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

 **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of NYLL - Overtime Wages

59. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

60. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

61. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

62. Pursuant to 12 NYCRR §142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

63. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual workweeks.

64. Defendants violated the NYLL overtime wage law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual workweeks.

65. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Spread of Hours

66. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

67. Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

68. Defendants never paid Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

69.     Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid spread of hours for all number of days he worked more than ten (10) hours in a day;

B.  Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C.  Reasonable attorney's fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Time of Hire Wage Notice Requirement Violation

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

72.     Defendants intentionally failed to provide notice to employee in violation of New York Labor Law §195, which requires all employers to provide written notice in

9

the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle, and rate of overtime at the Time of Hire or on their first day of employment.

73. Defendant Not only failed to provide notice to Plaintiff at the Time of Hire but also failed to provide notice to Plaintiff even after the fact.

74. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Pay Stub Requirement

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

77. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday.

78. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law §198(1-d).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide pay stubs as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: March 17, 2021

                                               /s/ Ryan Kim
                                              Ryan J. Kim

                                              Ryan J. Kim, Esq.
                                              Ryan Kim Law
                                              222 Bruce Reynolds Blvd
                                              Suite 490
                                              Fort Lee, NJ 07024
                                              ryan@RyanKimLaw.com