UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNG KEUN KIM on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MEAT, INC., PICNIC WORLD, CORP, the estate of Yun Hwa No and JONG HWAN NO<br><br>Defendants, | Index No.   21-CV-1422<br><br>**FIRST AMENDED COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff, Jung Keun Kim (collectively, "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, Ryan Kim, complaining of defendants New York Meat, Inc.("New York Meat"), Picnic World Corp. ("Picnic world"), the estate of Yun Hwa No and Jong Hwan No (collectively, "defendants"), alleges:

## NATURE OF ACTION

1. This action is brought to recover unpaid overtime wages, the spread of hours pay, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, the spread of hours pay, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

3. Defendants own and operate New York Meat, a meat wholesale company at 355 Food Center Drive Bronx NY, and own and operate three meat retail stores in New York and New Jersey.

1

4. Defendants own and operate a Korean BBQ restaurant named Sansookabsan II at 171-04 Northern Blvd. Flushing NY 11358.

5. Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage and spread of hours pay as required by law.

## JURISDICTION

6. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as New York Meat, Inc. and Picnic World Corp are incorporated and located in the Eastern District of New York.

### Plaintiff Jung Keun Kim

8. Jung Keun Kim ("Kim") resides in Queens County, New York.

9. Kim was employed as a delivery person by Defendants from 1993 through December 11, 2020.

### New York Meat, Inc

10. Defendant New York Meat, Inc ("New York Meat") is a New York Corporation that owns and operates New York Meat wholesale company and three retail stores in New York and New Jersey.

11. New York Meat, Inc is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. New York Meat, Inc has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. New York Meat, Inc has an annual gross volume of sales in excess of $500,000.

### Picnic World Corp.

14. Defendant Picnic World Corp ("Picnic World") is a New York Corporation that owns and operates Sansookabsan II BBQ restaurant in Flushing NY.

15. Picnic World is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. Picnic World has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. Picnic World has an annual gross volume of sales in excess of $500,000.

### New York Meat and Picnic World Are Joint Employers

18. NEW YORK MEAT and PICNIC WORLD have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

19. NEW YORK MEAT and PICNIC WORLD interchange and share employees.

20. Defendant Jong Hwan No is and was at all relevant times hereto engaged in the business of NEW YORK MEAT and PICNIC WORLD.

### Jong Hwan No

21.     Defendant Jong Hwan No's mother Yun Hwa No took over the business of New York Meat in 1988. Until she passed away, she owned New York Meat and the restaurant Sansookabsan.

22.     Defendant Jong Hwan No is the Chief Executive Officer and the owner of New York Meat and Picnic World.

23.     Jong Hwan No is sued individually in his capacity as an owner, officer, and/or agent of New York Meat and Picnic World.

24.     Jong Hwan No exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New York Labor Law.

25.     At all-time material herein, Jong Hwan No had the authority to hire and fire employees and established and exercised authority regarding the pay practices at New York Meat and Picnic World.

26.     Jong Hwan No makes all final decisions about employment practices at New York Meat and Picnic World.

27.     The defendant Jong Hwan No managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through New York Meat and Picnic World.

### The Estate of Yun Hwa No

28.     Before she passed away, along with defendant Mr. No, Mrs. No owned the restaurant Sansookabsan and she had employed and managed plaintiff.

29. Mrs. No called Plaintiff and assigned him tasks regardless of the time of the day or day of the week. Several times she called from a casino late at night because she wanted plaintiff to come to the casino to pick her up and drive her to her home.

30. Whenever she needed something for the restaurant, she called plaintiff to go to a store to get things the restaurant needs.

31. Plaintiff was the "go-to guy" for whatever the restaurant needed. There was no off time for plaintiff as whatever needs arose for the restaurant either Mrs. No or the manager of the restaurant called plaintiff to go purchase things, deliver things or bring things to the restaurant.

## COLLECTIVE ACTION ALLEGATIONS

32. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of himself and all similarly situated non-exempt employees (i.e. delivery, driver, meat cutter, cashier, marketing, and accounting clerks) who work or have worked at New York Meat and Picnic World within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

33. The FLSA Collective consists of approximately one hundred similarly situated current and former non-exempt employees of New York Meat and Picnic World, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

34. The FLSA Collective consists of employees who, during their employment at New York Meat and Picnic World, worked as non-exempt employees.

35. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging

in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the proper overtime pay for all hours worked over forty;
   b. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;
   c. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

36. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**PLAINTIFF'S FACTUAL ALLEGATIONS**

37. Kim worked as a delivery man throughout his time employed by defendants.

38. Working as a deliveryman, Kim fell into the category of "non-exempt" employee pursuant to the FLSA.

39. From 1993 until December 11, 2020, Kim regularly worked six or seven days per week.

40. Plaintiff began his work around 5:30 a.m. and ended around 4:00 ~6:00 p.m. for 5 to 7 days per week. He regularly worked 12 hours a day and more than 72 hours per week.

41. Plaintiff reported to work at New York Meat in the morning. He performed receiving orders, invoicing, delivery, and collection of payment until 5:30 p.m. After he

finished his work at New York meat, he went shopping for the restaurant Sansookabsan II. He also received catering orders for the restaurant. On weekend, Plaintiff delivered catering foods for the restaurant. Plaintiff was called by restaurant managers for shopping for restaurant supplies or other things they needed.

42. While Mrs. No was alive, Mrs. No often called Plaintiff for her personal errands and the restaurant. About several times, he was called by Mrs. No for a ride from Yonkers to her home early in the morning.

43. Defendants paid Kim fixed salary and failed to compensate Kim at one and one-half times his hourly rate for the hours he worked in excess of forty per workweek.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

44. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

45. Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

46. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

47. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

48. Due to the defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages,

reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law- Unpaid Overtime)

49. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

50. Under the New York Labor Law and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiff and collective members one and one half (1 ½ ) times the regular rate of pay for all hours they worked in excess of forty.

51. Defendants have failed to pay Plaintiff and the collective members the overtime wages to which they were entitled under the New York Labor Law.

52. Defendants have willfully violated the New York Labor Law by knowingly and intentionally failing to pay Plaintiff and the collective members overtime wages.

53. Due to the defendants' willful violations of the New York Labor Law, Plaintiff and the collective members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

54. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

55. Defendants willfully failed to pay Plaintiff the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

56. By defendants' failure to pay Plaintiff the spread-of hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

57. Due to the defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

58. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

59. Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2020, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

60. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of the employee; name of employer; address and phone number of employer; rate or rates of pay and basis

9

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

61. Due to the defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

62. Due to the defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from the defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a) declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b) declaring that defendants have violated the spread-of-hours provisions of the NYLL;

c) declaring that defendants' violations of the FLSA and NYLL were willful;

d) awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

e) awarding Plaintiff damages for unpaid spread-of-hours pay;

 f) awarding plaintiff and the FLSA Collective, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

 g) awarding plaintiff and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

 h) awarding plaintiff and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

 i) awarding plaintiff and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

 j) awarding plaintiff and the FLSA Collective, the reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

 k) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.


Dated: November 3, 2021

            /s/ Ryan Kim
            Ryan J. Kim

            Ryan J. Kim, Esq.
            Ryan Kim Law, P.C.
            222 Bruce Reynolds Blvd. Suite 490
            Fort Lee, NJ 07024
            ryan@RyanKimLaw.com