UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNG KEUN KIM on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK MEAT, INC., PICNIC WORLD CORP., the ESTATE OF YUN HWA NO and JONG HWAN NO,<br><br>Defendants. | **21 Civ. 1422   (ENV) (RER)** |

# DEFENDANTS NEW YORK MEAT, INC. AND JONG HWAN NO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

LAW OFFICES OF JONATHAN Y. SUE, PLLC

By:  Jonathan Y. Sue
*Attorneys for Defendants*
*New York Meat, Inc. and Jong Hwan No*
303 Fifth Avenue, Suite 1207
New York, New York 10016
212.967.1001
js@jyspllc.com

**LAW OFFICES OF
JONATHAN Y. SUE, PLLC**

303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ................................................................... 1

RELEVANT PROCEDURAL HISTORY ..................................................... 2

STATEMENT OF RELEVANT FACTS ....................................................... 3
      A.    PLAINTIFF'S ALLEGATIONS CONCERNING THE
            CONDITIONS OF EMPLOYMENT ..................................... 3
      B.    CORPORATE OWNERSHIP ................................................ 4

ARGUMENT ........................................................................................... 5
    I.    THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR
         CONDITIONAL CLASS CERTIFICATION ..................................... 5
      A.    LEGAL STANDARD ..................................................... 5
      B.    PLAINTIFF HAS FAILED TO ESTABLISH THE
            EXISTENCE OF "SIMILARLY SITUATED" INDIVIDUALS . 7
            1.    Plaintiff has not established that employees
                 who worked at other locations are similarly
                 situated to him ................................................ 8
            2.    Plaintiff has not established that employees
                 are similarly situated to him ............................ 9

    II.    PLAINTIFF'S PROPOSED NOTICE AND DISTRIBUTION PLAN
         IS NEITHER FAIR NOR IMPARTIAL ................................. 12
      A.    THE NOTICE PERIOD SHOULD BE LIMITED TO
            TWO YEARS ................................................................. 12
      B.    THE OPT-IN PERIOD SHOULD BE SIXTY DAYS
            AT MOST ..................................................................... 12
      C.    THE PROPOSED NOTICE AND CONSENT FORM
            REQUIRES MODIFICATION ................................... 13
      D.    A NEUTRAL ADMINISTRATOR SHOULD OVERSEE
            THE DISTRIBUTION OF ANY NOTICE ............................ 14
      E.    PLAINTIFF'S INVASIVE AND OVERBROAD REQUEST
            FOR INFORMATION SHOULD BE DENIED ...................... 14
      F.    PLAINTIFF'S REQUEST FOR THE PRODUCTION
            SHOULD BE AT LEAST 30 DAYS ...................................... 15

    III.    THE "RARE AND EXCEPTIONAL" REMEDY OF EQUITABLE
         TOLLING IS NOT WARRANTED IN THIS MATTER ................... 15
      A.    THERE IS NO CASE OR CONTROVERSY PRESENT ....... 16
      B.    PLAINTIFF FAILED TO ESTABLISH JUSTIFICATION
            FOR EQUITABLE TOLLING ................................................ 17

CONCLUSION ....................................................................................... 18

LAW OFFICES OF
JONATHAN Y. SUE, PLLC

303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

TABLE OF AUTHORITIES

PAGE(S)

Atkinson v. Tele Tech Holdings,
No. 14-cv-253, 2015 WL 853234 (S.D. Ohio Feb. 26, 2015) ........................ 17

Benavides v. Serenity Spa NY,
166 F. Supp. 3d 474 (S.D.N.Y. 2016) ............................................................. 6

Bittencourt v. Ferrara Bakery & Café,
310 F.R.D. 106 (S.D.N.Y. 2015) .................................................................... 6

Calloway v. AT&T Corp.,
419 F. Supp. 3d 1031 (N.D. Ill. 2019) ........................................................... 17

Cano v. Four M Food Corp.,
No. 08 CV 3005, 2009 WL 5710143 (E.D.N.Y. Feb. 3, 2009) ...................... 10

Castro v. Spice Place, Inc.,
No. 07 Civ.4657 (RWS), 2009 WL 229952 (S.D.N.Y. Jan. 30, 2009) .......... 6

Colozzi v. St. Joseph's Hosp. Health Ctr.,
595 F. Supp. 2d 200 (N.D.N.Y. 2009) ........................................................... 15

Diaz v. S&H Bondi's Dep't Store, Inc.,
No. 10 Civ. 7676 (PGG), 2012 WL 137460 (S.D.N.Y. Jan. 18, 2012) .......... 13

Douglas v. Anthem Prods.,
No. 18 Civ. 5789 (VEC), 2019 WL 78988 (S.D.N.Y. Jan. 2, 2019) .............. 13, 18

Fu v. Mee May Corp.,
No. 15 Civ. 4549 (KPF), 2016 WL 1588132 (S.D.N.Y. Apr. 20, 2016) ........ 6

Garcia v. Spectrum of Creations Inc.,
102 F. Supp.3d 541 (S.D.N.Y. May 4, 2015) ................................................. 11

Genesis Healthcare Corp. v. Symczyk,
569 U.S. 66 (2013) ......................................................................................... 17

Gonzalez v. Scalinatella, Inc.,
No. 13 Civ 3629 (PKC), 2013 WL 6171311 (S.D.N.Y. Nov. 25, 2013) ...... 15

Gui Zhen Zhu v. Matsu Corp.,
No. 3:18-cv-203, 2020 WL 29835 (D. Conn. Jan. 2, 2020) ........................... 13

Guillen v. Marshalls of MA,
841 F. Supp. 2d 797 (S.D.N.Y. 2012) ............................................................ 5

Hamadou v. Hess Corp.,
915 F. Supp. 2d 651 (S.D.N.Y. 2013) ............................................................ 14

LAW OFFICES OF
JONATHAN Y. SUE, PLLC

303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

Hoffmann-LaRoche Inc. v. Sperling,
        493 U.S. 169 (1989) ........................................................................................ 14

J.S. v. Attica Central Schools,
        No. 00-CV-513S, 2006 WL 581187 (W.D.N.Y. Mar. 7, 2006)        14, 14

Jian Wu v. Sushi Nomado of Manhattan, Inc.,
        No. 17 Civ. 4661 (PGG) (DF), 2019 WL 3759126 (S.D.N.Y. July 25, 2019)        10

Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA) Inc.,
        No. 13 CV 60 (ILG), 2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013) ............        8

Knox v. John Varvatos Enters.,
        282 F. Supp. 3d 644 (S.D.N.Y. 2017) ...............................................        18

Knox v. Jones Group,
        208 F. Supp. 3d 954 (S.D. Ind. 2016)        17

Korenblum v. Citigroup, Inc.,
        195 F. Supp. 3d 475 (S.D.N.Y. 2016) ...............................................        6

Lewis v. Wells Fargo & Co.,
        669 F. Supp. 2d 1124 (N.D. Cal. 2009) ...........................................        14

Lijun Geng v. Shu Han Ju Rest. II,
        No. 18 Civ. 12220 (PAE) (RWL), 2019 WL 4493429 (S.D.N.Y. Sept. 9,
        2019) ..............................................................................................        13

Mata v. Foodbridge LLC,
        No. 14 Civ. 8754 (ER), 2015 WL 3457293 (S.D.N.Y. June 1, 2015) ...........        11

Myers v. Hertz Corp.,
        624 F.3d 537 (2d Cir. 2010) ...........................................................        5

Quiang Lu v. Purple Sushi, Inc.,
        No. 19 Civ. 5828 (PGG) (KHP), 2020 WL 1303572 (S.D.N.Y. Mar. 19,
        2020) ..............................................................................................        18

Ramos v. Platt,
        No. 13 Civ. 8957, 2014 WL 3639194 (S.D.N.Y. July 23, 2014) ..................        18

Realite v. Ark Rests. Corp.,
        7 F. Supp. 2d 303 (S.D.N.Y. 1998) .................................................        6

Roberts v. TJX Cos.,
        No. 13-13142, 2017 WL 1217114 (D. Mass. Mar. 31, 2017) ........................        17

Robles v. Argonaut Restaurant & Diner, Inc.,
        No. 05 CV 5553 (JSR), 2009 WL 3320858 (S.D.N.Y. Oct. 9, 2009) ............        8

LAW OFFICES OF
JONATHAN Y. SUE, PLLC

303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

Rojas v. Kalesmeno Corp.,
No. 17 Civ. 164 (JCF), 2017 WL 3085340 (S.D.N.Y. July 19, 2017) ........... 18

Romero v. H.B. Auto. Grp.,
No. 11 Civ. 386 (CM), 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ............. 6, 11

Ruder v. CWL Invs.,
No. 16-cv-4460, 2017 WL 3834783 (D. Ariz. July 27, 2017) ....................... 17

Rule v. S. Indus. Mech. Maint. Co.,
No. 16-cv-1408, 2017 WL 4276936 (W.D. La. Aug. 22, 2017) .................... 17

Sanchez v. JMP Ventures,
No. 13 Civ. 7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) .......... 6

Sanchez v. Santander Bank,
No. 17-cv-5775, 2019 WL 6050738 (D.N.J. Nov. 15, 2019) ........................ 17

Scott v. Chipotle Mexican Grill,
954 F.3d 502 (2d Cir. 2020) .............................................................. 5, 5

She Jian Guo v. Tommy's Sushi Inc.,
No. 14 Civ. 3946 (PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) ........ 9

Taylor v. Pilot Corp.,
No. 14-cv-2294, 2018 WL 10550646 (W.D. Tenn. Mar. 8, 2018) ................ 17

U.S. v. Cook,
795 F.2d 987 (Fed. Cir. 1986) ........................................................... 17

Warman v. American Nat'l Standards Inst.,
193 F. Supp. 3d 318 (S.D.N.Y. 2016) ................................................. 6

Whitehorn v. Wolfgang's Steakhouse, Inc.,
767 F. Supp. 445 (S.D.N.Y. Feb. 8, 2011) ......................................... 12

Yap v. Mooncake Foods, Inc.,
146 F. Supp. 3d 552 (S.D.N.Y. 2015) ................................................ 11

Zerilli-Edelglass v. N.Y.C. Transit Auth.,
333 F.3d 74 (2d. Cir. 2003) .............................................................. 17

Zhongle Chen v Kicho Corp.,
No. 18 Civ. 7412 (PMH) (LMS), 2020 WL 1900582 (S.D.N.Y. Apr. 17, 2020) ......................................................................................... 13

**Statutes**

29 U.S.C. § 216(b) ......................................................................... 5, 5, 19

29 U.S.C. § 255(a) ......................................................................... 12

Law Offices Of
Jonathan Y. Sue, PLLC

303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

# PRELIMINARY STATEMENT

Plaintiff filed this Action against two (2) corporate defendants and two individuals (one of which is the estate of Yun Hwa Kim) for alleged violations of the Fair Labor Standards Act ("FLSA"). He now seeks conditional certification of a collective action comprised of "all non-managerial employees" who worked at the two distinct locations. One is a meat wholesale business located in Bronx, New York (New York Meat, Inc.) and the other a restaurant located in Flushing, New York (Picnic World Corp.). Jong Hwan No (hereafter "NO") is the sole shareholder and president of New York Meat, Inc.

Plaintiff claims to have worked for both of these corporations from 1993 to 2020. Declaration of Jung Keun Kim dated March 8, 2022 (Kim Decl. ¶4)

Plaintiff's motion fails because he has not provided any support to warrant a conditional collective certification.

Plaintiff filed his Complaint on March 17, 2021 ([Doc. 1] **EXHIBIT B**), and an Amended Complaint (Collective Action) on November 3, 2021 ([Doc. 13] **EXHIBIT C**). Plaintiff contends that he worked for defendant corporations for twenty (27) years, which is more than sufficient time to obtain information regarding the defendants' business operations and yet only served his motion for conditional collective action on March 8, 2022. Plaintiff's significant and inexcusable delay in itself warrants a denial of his motion. Discovery deadline is May 31, 2022 (extended from December 31, 2021), and the Court has indicated that it was a firm deadline.

New York Meat, Inc. (hereafter "NYM") and Picnic World Corp. (hereafter "PWC"), are two unrelated companies. The facts show that each store independently managed its own affairs, maintained its own payroll and inventory, and paid its own employees. NYM is a wholesale seller

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

1

of meats while PWC, is a restaurant located in another borough. Declaration of Jong Hwan No dated

March 21, 2022 (No Decl. ¶3)

Plaintiff relies exclusively on a single self-serving declaration that is devoid of any relevant

factual information and only essentially repeat the legal elements of his FLSA claims. He does not

even provide any specifics of the other possible employees, where they worked, the positions they

held, when and how they were paid. He does not specify as to whether the "employees" worked for

NYM and/or PWC. (Kim Decl. ¶¶ 12-13)

Accordingly, Plaintiff has failed to establish (even when applying the limited evidentiary

burden applicable to these motions) that he is similarly situated to any "delivery driver" at either

locations. He also states that he "**initially** worked as a **delivery driver**" without indicating what his

position(s) were afterwards. (Kim Decl. ¶5) In contrast, in the Amended Complaint dated November

3, 2021, Kim states that he "worked as a **delivery man throughout** his time employed by

defendants." (Amended Complaint ¶37) (emphasis added)  Plaintiff fails to name any other

employee, nor any positions, that may possibly be included as a class member even though he

allegedly worked for defendants for twenty (27) years.

As such, the Court should deny Plaintiff's motion for conditional certification.

## RELEVANT PROCEDURAL HISTORY

| | |
|---|---|
| Complaint filed | 3/17/21 |
| NYM and NO Answer | 4/19/21 |
| Court sponsored Mediation | 6/4/21 |
| NYM and NO Discovery Demands to Plaintiff | 8/5/21 |
| NYM and NO Rule 26 Disclosures | 8/5/21 |
| Amended Complaint - Collective Action | 11/3/21 |

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

2

| | |
|---|---|
| NYM and NO Amended Answer to Amended Complaint | 11/1/21 |
| Picnic World Corp. Answer to Amended Complaint | 12/8/21 |
| Discovery End Date (extended to 5/31/22) | 12/31/21 |
| Telephone Conference with Judge Reyes | 1/4/22 |
| Plaintiff's Rule 26 Disclosures | 1/5/22 |
| NYM and NO's Deficiency Letter to to Plaintiff (Rule 26) | 1/5/22 |
| Picnic World's Rule 26 Disclosures | 1/14/22 |
| Plaintiff's Response to NYM and NO Discovery Demands | 2/25/22 |
| NYM and NO's Deficiency Letter to to Plaintiff (Discovery Response) | 2/28/22 |
| Plaintiff's Discovery Demands to NYM and No | 3/2/22 |
| NYM and NO's Response to Plaintiff's Discovery Demands | 3/11-14/22 |
| Plaintiff's Motion for Conditional Collective Certification | 3/8/22 |
| Picnic World's Discovery Demands to Plaintiff | 3/10/22 |
| Discovery End Date | 5/31/22 |

Upon plaintiff's response to NYM's deficiency letters (1/5/22 and 2/28/22), NYM will be able to take the deposition of plaintiff and close discovery.

NYM promptly and fully responded to plaintiff's discovery demands within twelve (12) days after it was received as this case commenced over a year ago and are ready to conclude this lawsuit.

Plaintiff's motion for conditional class certification is palpably untimely and the delay was in no way caused by defendants.

## STATEMENT OF RELEVANT FACTS

### A.    PLAINTIFF'S ALLEGATIONS CONCERNING THE CONDITIONS OF EMPLOYMENT

Plaintiff commenced this action on March 17, 2021, alleging, among other things, that he did not receive overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. and

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

3

the New York Labor Law.  Plaintiff amended his complaint on or about November 3, 2021, but his allegation as to his position did not vary.

According to Plaintiff, he worked as a "delivery man" throughout his approximately twenty (27) years of employment with defendant corporations (Amended Complaint ¶37).  Plaintiff later claimed in his declaration that he "initially worked as a delivery driver," without any information as to what his subsequent position(s) were.  (Kim Decl. ¶5)

NYM maintains that plaintiff was an exempt employee, i.e., manager for at least the duration of the relevant period (since 1999 - No Decl. ¶4).  Since plaintiff was the only exempt employee of NYM, there are no employees that are similarly situated.  (No Decl. ¶6)

Plaintiff further alleges that, during his employment he was paid a "fixed-wage regardless of the number of hours" worked.  He does not indicate which defendants paid him, what the wages were nor what the wages were based on.  (Kim Decl. ¶10)  Plaintiff also claims that he is owed "spread of hours" pay again without indicating which defendants allegedly owe the payments.

Notwithstanding NYM's position that plaintiff was the manager of NYM during all relevant times, plaintiff doesn't even assert that he even spoke with any of the employees with whom he supposedly worked with for approximately twenty (27) years to obtain information about their employment and payroll situation.  He simply states that "I know the company had the same pay policy ..."  (Kim Decl. ¶12).  He fails to even name one individual in either NYM or PWC's employment that agree with his allegation, let alone expressed an interest in pursuing possible claims against NYM and/or PWC.

## B.   CORPORATE OWNERSHIP

New York Meat, Inc., is wholly owned by defendant Jong Hwan No.  Declaration of Jong

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

4

Hwan No dated March 21, 2022 (No Decl. ¶ initial paragraph)   Picnic World Corp., upon information and belief was incorporated on or about February 1, 2016, and is wholly owned by Jooyeon Lee.  NYM is located in the Bronx and operates a wholesale meat business and PWC is located in Queens and operates a restaurant.

There is no relationship between NYM and PWC other than PWC being a customer of NYM. (No Decl. ¶3)  NYM has its own distinct tax identification number, employees, bank accounts, tax filings, etc.  (No Decl. ¶17)

## ARGUMENT

**I.   THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION**

### A. LEGAL STANDARD

Under the FLSA, plaintiff may seek certification to proceed as a collective action on behalf of themselves and others "similarly situated." 29 U.S.C. §216(b).  Procedurally, the certification of an FLSA collective involves a two-step process <u>Scott v. Chipotle Mexican Grill</u>, 954 F.3d 502, 515 (2d Cir. 2020). The first step, which is at issue here, requires plaintiff to make a "factual showing that he and potential opt-in plaintiffs" are similarly situated within the meaning of §216(b) to warrant the dissemination of notice about, and afford the putative collective members the opportunity to join, this lawsuit. <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 (2d Cir. 2010).  This requires plaintiff to demonstrate that he and the putative collective members "together were victims of a common policy or plan that violated the law." <u>Scott</u>, 954 F.3d at 515. Plaintiff must "provide actual evidence of a factual nexus between [their] situation and the persons [they] claim[] are similarly situated." <u>Guillen v. Marshalls of MA</u>, 841 F. Supp. 2d 797, 801 (S.D.N.Y. 2012) (quotation omitted); see also

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

5

Fu v. Mee May Corp., No. 15 Civ. 4549 (KPF), 2016 WL 1588132, at *2 (S.D.N.Y. Apr. 20, 2016) ("plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice"). The Court must be satisfied that plaintiff has offered evidence "sufficient to demonstrate that [the named] and potential plaintiffs together were victims of a common policy or plan that violated the law." Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). A plaintiff's burden "is not non-existent" and collective "certification is not automatic." Sanchez v. JMP Ventures, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (quoting Romero v. H.B. Auto. Grp., No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012)). Plaintiff cannot satisfy their burden "by unsupported allegations, or with conclusory allegations." Benavides v. Serenity Spa NY, 166 F. Supp. 3d 474, 478 (S.D.N.Y. 2016) (internal quotation marks and citations omitted). Plaintiff "can rely on the pleadings, *but only as supplemented by other evidence*." Bittencourt v. Ferrara Bakery & Café, 310 F.R.D. 106, 111 (S.D.N.Y. 2015) (emphasis added); see also Warman v. American Nat'l Standards Inst., 193 F. Supp. 3d 318, 325 (S.D.N.Y. 2016) ("speculation, unsupported by any evidence, is entitled to no weight"). Moreover, plaintiffs are required to satisfy their burden *as to each defendant* in this case. See Castro v. Spice Place, Inc., No. 07 Civ.4657 (RWS), 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) (Plaintiffs must offer evidence that the common policy or plan at issue was "maintained by all [the] defendants"); Korenblum v. Citigroup, Inc., 195 F. Supp. 3d 475, 483, 487 (S.D.N.Y. 2016) (plaintiffs "must offer some evidence that Citi could be considered a joint employer" at the conditional certification stage, and finding that despite plaintiffs' "boilerplate allegations" about Citi being their joint employer, they failed to offer evidence showing "that Citi bore any responsibility for" its contractors' pay practices).

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

6

Plaintiff has failed to satisfied his burden to show that he is similarly situated to the putative collective. As discussed in detail below, Defendants respectfully posit that Plaintiff has failed to meet this burden and as such, a collective action should not be conditionally certified.

Plaintiff's argument comparing this instant case to those that are "in its early stages" (Memo of Law pg. 8) is misleading. As evidenced by the procedural history *supra*, the Complaint was filed over a year ago and plaintiff certainly had access to information regarding Defendants' business practices since he has worked for them for approximately twenty (27) years. Plaintiff failed to commence/conduct discovery in a timely manner. i.e., plaintiff's complaint was filed on March 17, 2021, and his initial discovery demands were only served on March 2, 2022.

### B.    PLAINTIFF HAS FAILED TO ESTABLISH THE EXISTENCE OF "SIMILARLY SITUATED" INDIVIDUALS

Plaintiff, who worked "initially as a delivery driver" (Kim Decl. ¶5) or "delivery man" (Amended Complaint ¶37), for approximately twenty (27) years, seeks to certify an overly broad collective consisting of all "non-managerial employees" who worked for NYM and PWC. Plaintiff's motion should be denied because Plaintiff does not establish, even upon the lenient applicable standard, that any employees other than himself worked under similar conditions. Plaintiff claims to have worked for NYM five (5) days per week and "the restaurant" (PWC) "about 2-3 times a month." (Kim Decl. ¶8)

Plaintiff only proffers unsupported and conclusory allegations that "many employees worked over 10 hours per day" and "it was not just my department but throughout the company." Plaintiff does not even attempt to identify any employees, either by names, nicknames, positions or otherwise. (Kim Decl. ¶¶11; 13)  He does not explain what his "department" is and for which defendant he is

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

7

referring to.  Furthermore, he does not even allege whether any employees from either NYM nor PWC were "called for extra works (*sic*) even at night and on weekends." (Kim Decl. ¶8)

    1.    **Plaintiff has not established that employees who worked at other locations are similarly situated to him**

Plaintiff bears the burden of establishing that NYM and PWC are engaged in a common scheme or plan of wage and hour violations. See Sanchez, 2014 WL 465542, at *2 ("Conditional certification of the class proposed by plaintiffs— a class of all tipped employees, at three restaurants, over a three-year period - is not supported by plaintiff's declaration as submitted."); Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA) Inc., No. 13 CV 60 (ILG), 2013 WL 5132023, at *5 (E.D.N.Y. Sept. 12, 2013) (denying conditional certification because plaintiff failed to show the she and "fellow clerks at the three [] locations were victims of a common policy or plan that violated the law" because "plaintiff has made 'no effort to detail the precise mechanisms by which she observed any other clerk being injured'").  He has failed to meet this burden and, as such, the Court should not authorize notice to any employee as Plaintiff has patently failed to identify even a single individual who was similarly situated in either location.

Plaintiff's claim that he worked at two locations where he purportedly observed the same wage and hour policies is also unavailing. Plaintiff does not allege that he *contemporaneously* worked at NYM and PWC locations such that he could opine that similar employment conditions existed at the same stores at the same time. See Robles, 2009 WL 3320858, at *2 (although plaintiff worked at two different restaurants successively, he "was not employed at both establishments simultaneously").  Plaintiff alleges that he worked for NYM five (5) days per week and for PWC ("restaurant") "for extra works (*sic*) even at night and on weekend." (Kim Decl. ¶8)

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

Plaintiff does not present any facts showing that a common actor applying a common policy caused all the alleged violations.  See She Jian Guo v. Tommy's Sushi Inc., No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (denying conditional certification of a class of all hourly paid, non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers).  Plaintiff does not allege any facts showing, for example, that any employees (i) contemporaneously worked for NYM and PWC and (ii) either (a) reported to the same manager/owner who similarly worked in each of the stores and implemented the same practices or issued the same policies or handbooks, or (b) received erroneous payments from the same corporate defendant for work performed across multiple locations owned by different entities. Plaintiff is even unable to correctly identify the owner of PWC, and instead names the estate of a deceased person who has not operated the restaurant under her company's name, Sansookapsan II, Inc. since on or about November 2015 (No Decl. ¶13).

Notably, Plaintiff does not offer a single declaration by another employee from either NYM or PWC to support of his allegations.  Plaintiff does not even indicate whether he even spoke with any employee (former or present) to substantiate his allegation.  And, as set forth above, nor are there any facts plausibly suggesting that any other employee worked under similar conditions as plaintiff.

Conditional certification should be denied because Plaintiff has failed to establish that he and other similarly situated employees were victims of a common policy or plan that violated Plaintiff's rights under the FLSA.

> **2.      Plaintiff has not established that any employees are similarly situated to him**

Courts may conditionally certify collectives of individuals with a variety of job titles, but

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

only where a common unlawful policy is shown to cover all of the job positions in question. See Cano v. Four M Food Corp., No. 08 CV 3005, 2009 WL 5710143, at *9 (E.D.N.Y. Feb. 3, 2009) ("Even though plaintiffs are certainly not required to show that they are identically situated, or that they possess the same attributes with respect to their job, they are required to show that they are subject to the same common policy or plan by defendants."). To justify including different categories of workers in an FLSA collective, a "modest but job-specific factual showing" is required. See Jian Wu v. Sushi Nomado of Manhattan, Inc., No. 17 Civ. 4661 (PGG) (DF), 2019 WL 3759126, at *10 (S.D.N.Y. July 25, 2019).

Here, Plaintiff has failed to meet the lenient standard required for conditional collective action certification because he has offered no substantive information in his complaint or through a declaration about any categories of workers other than himself, who worked as a "delivery driver" for NYM, Mondays through Friday and "on weekends for the restaurant about 2~3 times a month" (Kim Decl. ¶¶5, 8) and that he was **the "go-to guy"** (emphasis added) (Amended Complaint ¶31). Although Plaintiff identifies "delivery, driver, meat cutter, cashier marketing, and accounting clerks" in the Amended Complaint (¶32) as non-exempt employees who performed services for Defendants, he fails to identify with any sort of specificity the wage and hour policies that governed their employment. Plaintiff does not even attempt to describe any of these non-exempt workers' job duties, scheduled hours, pay rates, or identify the people who supervised the non-exempt workers that make up the members of the purported collective. Further, he is unable to identify any other "go-to guy" that may be similarly situated to him because apparently he was the only one.

Additionally, plaintiff alleges that when Yun Hwa No "was alive," she "often called Plaintiff for her personal errands and the restaurant." (Amended Complaint ¶42). Plaintiff does not allege

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

10

that any other employee or individual was subject to this arrangement.  Again there is a lack of similarly situated employees.

This failure to include any information about the circumstances concerning member of the putative collective mandates a finding that the putative collective is overbroad as a matter of law. See e.g., Mata v. Foodbridge LLC, No. 14 Civ. 8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (denying motion for conditional certification where the plaintiff "includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions" even though his declaration lists "the names and titles of seventeen coworkers-including food preparers, pizza men, counter persons, a cook, a grill man, a juice preparer, a porter, a delivery person, a dishwasher, and a panini preparer"); Garcia v. Spectrum of Creations Inc., 102 F. Supp.3d 541, 549–50, (S.D.N.Y. May 4, 2015) (limiting certification to only those individuals who performed plaintiffs' specific job positions, because plaintiffs' affirmations "provide[d] no information...about individuals who performed other job functions at defendants' business"); Guo, 2014 WL 5314822, at *3 (plaintiffs' complaint and affidavits do not contain a single factual allegation specific to other types of employees besides delivery people and chefs, such as "the specific hours worked by, or the amounts paid to, other employees."); Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552, 564–65 (S.D.N.Y. 2015)

In sum, when a plaintiff seeks conditional collective action certification for many classes of employees but fails to describe job duties, and wage and hour practices affecting each member of the collective, a court should deny the motion for certification. See Romero, 2012 WL 1514810, at *14 (denying motion for conditional certification and noting that "[p]laintiff has made no showing that the work performed by all potential opt-ins is similar to her own").

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

11

## II.   PLAINTIFF'S PROPOSED NOTICE AND DISTRIBUTION PLAN IS NEITHER FAIR NOR IMPARTIAL

### A.   THE NOTICE PERIOD SHOULD BE LIMITED TO TWO YEARS

The statute of limitations for FLSA claims is two years or three years from the date a person "opt-ins" to an action. 29 U.S.C. § 255(a); 256(b). "Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 445, 451 (S.D.N.Y. Feb. 8, 2011) (citations omitted).

The three year statute of limitation is an exception to the general rule.  The three year rule is applied when it is determined that employer's violations were "willful."  However, unsupported and blanket allegations of "willfullness" is insufficient to sustain the claim.  Whiteside v. Hover-Davis, Inc., Case No.: 20-798 (2nd Cir. April 27, 2021).

Plaintiff's unsupported allegation of "willful" violations (after twenty seven years of employment and over a year since this case was commenced) is inadequate to sustain his pleadings nor support his request for conditional collective certification based on a three year period.   In the instant case, Defendants' denial of the allegation of willfulness easily defeats plaintiff's conclusory statement.

### B.   THE OPT-IN PERIOD SHOULD BE SIXTY DAYS AT MOST

It is unclear as to whether Plaintiff, from his proposed consent-to-sue form, appear to seek more than sixty days following the mailing of the notice for potential plaintiffs to opt-into this lawsuit.  (See Doc. 22-3).  Plaintiff requests a "90-day opt-in period (Plf. Memo. p. 12), but "the existing precedent in this Circuit" calls for an opt-in period of sixty days, absent agreement "between

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

the parties or special circumstances requir[ing] an extended opt-in period." <u>Gui Zhen Zhu v. Matsu Corp.</u>, No. 3:18-cv-203, 2020 WL 29835, at *12 (D. Conn. Jan. 2, 2020). If the Court conditionally certifies a collective, the opt-in period should be limited to sixty days.

### C.   THE PROPOSED NOTICE AND CONSENT FORM REQUIRES MODIFICATION

If the Court conditionally certifies a FLSA collective and finds that notice should issue, the Court should direct the parties to confer on the content, form, and distribution of the notice. See <u>Douglas v. Anthem Prods.</u>, No. 18 Civ. 5789 (VEC), 2019 WL 78988, at *5 (S.D.N.Y. Jan. 2, 2019) ("The Court will not rule on the balance of the parties' requests regarding the form of notice and means of distribution. The parties are ordered to confer and to attempt to resolve any remaining issues ….").

Insofar as the Court is inclined to consider Plaintiff's proposed notice and consent-to-sue form, several defects should be remedied, including the following non-exhaustive issues. In the first instance, the notice should include contact information for defense counsels. See <u>Zhongle Chen v Kicho Corp.</u>, No. 18 Civ. 7412 (PMH) (LMS), 2020 WL 1900582, at *10 (S.D.N.Y. Apr. 17, 2020) ("The Court agrees with other 'courts in this Circuit, which have generally concluded' that the contact information of Defendants' counsel 'is appropriate for inclusion in a notice of collective action.'"); <u>Lijun Geng v. Shu Han Ju Rest. II</u>, No. 18 Civ. 12220 (PAE) (RWL), 2019 WL 4493429, at *19 (S.D.N.Y. Sept. 9, 2019). Moreover, the notice should indicate in a neutral manner that putative collective members can choose their own counsel. See <u>Diaz v. S&H Bondi's Dep't Store, Inc.</u>, No. 10 Civ. 7676 (PGG), 2012 WL 137460, at *7 (S.D.N.Y. Jan. 18, 2012).

Additionally, to ensure impartiality and so that recipients are not improperly encouraged to join the action, the notice should include a statement on the first page, such as the following:

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

13

"Defendants do not believe you are entitled to participate in this case and will make a motion before the Court at the appropriate time seeking an order dismissing you from this case in the event you complete the form at the end of this Notice."  See Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013).

As set forth above, plaintiff's motion was served almost a year after filing of the complaint, and approximately four (4) months after the amended complaint (conditional collective action) was filed.  His argument for an "expeditious notice" after this significant delay is unconvincing.

### D.      A NEUTRAL ADMINISTRATOR SHOULD OVERSEE THE DISTRIBUTION OF ANY NOTICE

If the Court determines that notice should issue, a neutral third-party administrator should oversee the distribution of the notice. Doing so will protect the privacy of putative collective members, and prevent intrusive communications from counsel. See J.S. v. Attica Central Schools, No. 00-CV-513S, 2006 WL 581187, at *7 (W.D.N.Y. Mar. 7, 2006). Notice should not amount to encouragement to join suit, and courts have a substantial interest in managing communications with potential plaintiffs to avoid "the potential for misuse of the class device, as by misleading communications . . . ." Hoffmann-LaRoche Inc. v. Sperling, 493 U.S. 169, 171, 174 (1989). To that end, courts have recognized the value of using an independent third-party administrator to provide notice to potential class members. See Attica, 2006 WL 581187, at *7; Lewis v. Wells Fargo & Co., 669 F. Supp. 2d 1124, 1130 (N.D. Cal. 2009).

### E.      PLAINTIFF'S INVASIVE AND OVERBROAD REQUEST FOR INFORMATION SHOULD BE DENIED

Even if the Court denies Defendants' request to use a third party notice administrator, it should deny Plaintiff's request for production of information beyond the potential opt-in plaintiffs' names and mailing addresses. See Gonzalez v. Scalinatella, Inc., No. 13 Civ. 3629 (PKC), 2013 WL

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

6171311, at *5 (S.D.N.Y. Nov. 25, 2013) (defendant not required to disclose telephone numbers,

compensation rates, titles, email addresses, or periods of employment). The proposed consent-to-join

form includes a section for an opt-in plaintiff to provide additional contact information to Plaintiff's

counsel if he/she wants to disclose such private information. As such, disclosing any information

other than an employee's name and mailing address, particularly "Soscial Security numbers" would

unduly and unnecessarily compromise employee privacy and serve no legitimate purpose in

furtherance of the notice. See Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 210

(N.D.N.Y. 2009).

Additionally, certain other information requested, *e.g.*, titles, compensation rates, dates of

employment, etc., are not pertinent to the identification and contact of potential opt-in plaintiffs

and should be denied. See Zheng, 2013 WL 5132023, at *8.

Plaintiff's request for posting of the proposed notice at NYM's location is moot.  As set forth

by No, all of the current employees have signed declarations stating their unwillingness to join in

the instant lawsuit.

**F.      PLAINTIFF'S REQUEST FOR THE PRODUCTION SHOULD BE AT LEAST 30 DAYS**

Insofar as the Court is inclined to grant plaintiff's request for information pertaining to the

putative plaintiffs, the Court should grant Defendants at least thirty days to gather and produce any

such information. See Colozzi, 595 F. Supp. 2d at 210 (directing defendants to produce employee

names and addresses within 30 days).

**III.    THE "RARE AND EXCEPTIONAL" REMEDY OF EQUITABLE TOLLING IS NOT WARRANTED IN THIS MATTER**

Plaintiff's  request that the FLSA statute of limitations be equitably tolled for the putative

collective members from "for 90 days until the expiration of the Opt-in period" is without any factual

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

15

support.  (Plf. Memo. at p. 6)

Furthermore, as set forth *supra*, the delay in prosecuting this case falls squarely on plaintiff's shoulders.  Plaintiff was allegedly employed by defendants for approximately twenty (27) years. Plaintiff was certainly aware of the circumstances surrounding his employers during that time, and there is no valid explanation as to why this case has languished for almost a year prior to the service of this instant motion.  Plaintiff's discovery responses (however insufficient) to NYM's discovery demands were served six (6) months afterwards.  There is no discernable reason for this delay.

Plaintiff's request for equitable tolling on behalf of persons who have not opted into this action is premature because such individuals do not have a "case or controversy" before this Court. Moreover, Plaintiff has failed to establish the exceptional circumstances are present in this case justifying equitable tolling.

### A.      THERE IS NO CASE OR CONTROVERSY PRESENT

Plaintiffs' request for equitable tolling on behalf of persons who have not opted-into this action is premature because such individuals have no Article III "case or controversy" before the Court. At the outset, because "an unnamed plaintiff does not become a party to an FLSA collective action until the plaintiff 'opts-in' by filing his or her written consent to join it," the "currently named Plaintiffs do not have standing to bring [a] Motion [for equitable tolling] on behalf of any potential opt-in Plaintiffs." Taylor v. Pilot Corp., No. 14-cv-2294, 2018 WL 10550646, at *2 (W.D. Tenn. Mar. 8, 2018).  Moreover, putative collective plaintiffs who have not opted into this action but for whom Plaintiff seeks equitable tolling are not parties before the Court. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2013).  Granting Plaintiff's request for equitable tolling on behalf of unnamed potential opt-in plaintiffs amounts to an advisory opinion prohibited by Article III's "case or controversy" requirement. See U.S. v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating tolling

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

order for potential opt-in plaintiffs "as prematurely issued," given that such order applied to persons not yet before the court and thus rendered the order an advisory opinion); see, e.g., Calloway v. AT&T Corp., 419 F. Supp. 3d 1031, 1037-38 (N.D. Ill. 2019) (deciding whether equitable tolling applies to plaintiffs not yet in the case "would amount to an advisory opinion"); Sanchez v. Santander Bank, No. 17-cv-5775, 2019 WL 6050738, at *8 (D.N.J. Nov. 15, 2019); Rule v. S. Indus. Mech. Maint. Co., No. 16-cv-1408, 2017 WL 4276936, at *1 (W.D. La. Aug. 22, 2017); Ruder v. CWL Invs., No. 16-cv-4460, 2017 WL 3834783, at *2 (D. Ariz. July 27, 2017); Roberts v. TJX Cos., No. 13-13142, 2017 WL 1217114, at *8 (D. Mass. Mar. 31, 2017); Knox v. Jones Group, 208 F. Supp. 3d 954, 967 (S.D. Ind. 2016); Atkinson v. Tele Tech Holdings, No. 14-cv-253, 2015 WL 853234, at *10-11 (S.D. Ohio Feb. 26, 2015).

**B.      PLAINTIFF FAILED TO ESTABLISH JUSTIFICATION FOR EQUITABLE TOLLING**

Even if Plaintiff has standing to seek equitable tolling on behalf of non-parties, equitable tolling would still be inappropriate. In the Second Circuit, "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d. Cir. 2003).

Courts have concluded that the issue of equitable tolling should be resolved after expiration of the opt-in period, based on the individual circumstances of opt-in plaintiffs. See Quiang Lu v. Purple Sushi, Inc., No. 19 Civ. 5828 (PGG) (KHP), 2020 WL 1303572, at *6-7 (S.D.N.Y. Mar. 19, 2020) (denying request for equitable tolling at conditional certification stage). Because the inquiry necessitates "individualized showings," requests "to grant blanket equitable tolling" are highly disfavored. See Knox v. John Varvatos Enters., 282 F. Supp. 3d 644, 660 (S.D.N.Y. 2017); Douglas, 2019 WL 78988, at *5 ("Whether tolling is appropriate is best addressed on an individual basis.").

Law Offices Of
Jonathan Y. Sue, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001

In any event, Plaintiff fails to satisfy either elements necessary to justify equitable tolling. Plaintiff offers no evidence or argument that the putative plaintiffs had been pursuing their rights diligently but that circumstances had stood in the way of pursuing these claims. See Rojas v. Kalesmeno Corp., No. 17 Civ. 164 (JCF), 2017 WL 3085340, at *7 (S.D.N.Y. July 19, 2017). Plaintiff's assertions that courts have "increasingly granted requests for equitable tolling" (Plf. Memo. at p. 15) is insufficient. See Ramos v. Platt, No. 13 Civ. 8957 (GHW), 2014 WL 3639194, at *4 (S.D.N.Y. July 23, 2014) (rejecting tolling where no evidence that others were unaware of their rights and, instead, there were allegations that Plaintiff was aware that he was not being paid overtime and that co-workers complained about failure to pay overtime).

## CONCLUSION

Plaintiff has not provided any explanation as to the significant delay he caused nor proffered any factual support for his motion other than baseless and conclusory allegations. The instant, meritless motion -- premised on nothing more than plaintiff's unsupported bald assertions -- is patently insufficient to grant the relief requested.

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's motion for conditional collective certification under Section 216(b) in its entirety.

Dated: New York, New York
    March 29, 2022

LAW OFFICES OF JONATHAN Y. SUE, PLLC

_/s/ Jonathan Sue_

By:  Jonathan Y. Sue
    _Attorneys for Defendants_
    _New York Meat, Inc. and Jong Hwan No_
    303 Fifth Avenue, Suite 1207
    New York, New York 10016
    212.967.1001
    js@jyspllc.com

LAW OFFICES OF
JONATHAN Y. SUE, PLLC
303 Fifth Avenue
Suite 1207
New York, NY 10016
212.967.1001