UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUNG KEUN KIM on behalf of himself and all others similarly situated,

                      Plaintiff,

     v.

NEW YORK MEAT, INC., PICNIC WORLD, CORP, the estate of Yun Hwa No and JONG HWAN NO,

                      Defendants.

Case No. 21-cv-01422-ENV-RER

---

**DEFENDANT PICNIC WORLD CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Hur, Lash & Choe, LLP
*Attorneys for Defendant*
 *Picnic World Corp.*
600 Sylvan Avenue, Suite 109
Englewood Cliffs, NJ 07632
(212) 468-5590

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

FACTUAL BACKGROUND ...................................................................................................2

ARGUMENT .............................................................................................................................4

    I.       Plaintiff Has Not Met Even The Low Conditional Certification Standard ....................4

    II.      Plaintiff's Proposed Notice Plan and Distribution Plan Is Neither Fair
          Nor Impartial..................................................................................................................7

    III.     The Court Should Deny Plaintiff's Request For Equitable Tolling...............................8

CONCLUSION..........................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135 (2d Cir. 2011)............................................8

*Ayers v. SGS Control Servs., Inc.*, 2004 WL 2978296 (S.D.N.Y. Dec. 21, 2004) ..........................4

*D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889 (D. Md. 1995) ........................................................5

*Enriquez v. Cherry Hill Market Corp.*, No. 10-CV-5616, 2012 WL 440691 (E.D.N.Y.
    Feb. 10, 2012) ............................................................................................................................6

*Flores v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006).........7

*Gomez v. Kitchenette 123 Inc.*, 2017 WL 4326071 (S.D.N.Y. Sept. 5, 2017) ............................6, 7

*Hickmon v. Fun & Fit LLC*, No. 20-CV-10270, 2021 U.S. Dist. LEXIS 152895 (S.D.N.Y.
    Aug. 13, 2021) ...........................................................................................................................6

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ..................................................................8

*Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152 (S.D.N.Y. 2014) ......................................................8

*Khan v. Airport Mgmt. Servs.*, LLC, 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y.
    Nov. 16, 2011) .......................................................................................................................5, 7

*Kwan v. Sahara Dreams Co. II, Inc.*, No. 17-CV-4058, 2021 U.S. Dist. LEXIS 126424
    (S.D.N.Y. July 7, 2021) .............................................................................................................6

*Mata v. Foodbridge LLC*, No. 14 CIV. 8754, 2015 U.S. Dist. LEXIS 70550, 2015 WL
    3457293 (S.D.N.Y. June 1, 2015)..............................................................................................6

*Meo v. Lane Bryant, Inc.*, No. CV 18-6360, 2019 U.S. Dist. LEXIS 174552 (E.D.N.Y.
    Sep. 30, 2019) ............................................................................................................................5

*Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216 (D. Conn. 2003) ..........................................5

*Morales v. Plantworks, Inc.*, No. 05 CIV. 2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y.
    Feb. 2, 2006) ..............................................................................................................................5

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)............................................................4, 6

*Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322, 2014 U.S. Dist. LEXIS 53813, 2014 WL
    1515877 (E.D.N.Y. Apr. 17, 2014)............................................................................................4

*Saxon v. Title Max of Ala., Inc.*, 431 F. Supp. 2d 1185 (N.D. Ala. 2006) .........................................4

*Vasto v. Credico (USA) LLC*, 2016 WL 2658172 (S.D.N.Y. May 5, 2016) ....................................8

*Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) .............................................8

Defendant Picnic World Corp. ("Picnic World") respectfully submits this memorandum of law in opposition to Plaintiff's motion for conditional collective certification and related relief.

## PRELIMINARY STATEMENT

This is an unusual case, at least as far as Defendant Picnic World is concerned. It is unusual because Plaintiff never worked for Picnic World. Plaintiff is suing for allegedly unpaid overtime wages, claiming he did various odd jobs at Picnic World's restaurant 2-3 weekends a month. Plaintiff is now seeking to have this action certified as a collective action to send out notices to all current and former employees. Plaintiff's motion should be denied.

Although the standard for Plaintiff to meet at this stage is low, it is not non-existent. The courts in this Circuit have been clear that a plaintiff moving for collective certification must show, among other things, that he is similarly situated to other workers at the business. And it is well-established that a plaintiff cannot meet this burden with mere conclusory statements.

Here, Plaintiff has not, and cannot, show that he is similarly situated to other workers at Picnic World. First of all, Plaintiff never was employed by Picnic World. Second, Plaintiff claims that he performed various odd jobs, mostly running errands, but has not claimed, no less established, that anyone else at Picnic World had a similar position – they didn't. Third, Plaintiff has not, and cannot, name a single employee at Picnic World who was underpaid for overtime hours or was subject to similar policies or practices as Plaintiff claims he was, and he does not claim to have spoken to any. Fourth, Plaintiff claims he worked just 2-3 weekends per month (which is untrue since he never worked there at all), but does not state how he would have been entitled to any overtime pay, which requires him to have worked more than 40 hours in a single week.

**FACTUAL BACKGROUND**

Picnic World was formed in February 2016 and operates a restaurant in Queens known as Sansoogapsan.  Picnic World's sole owner is Jooyeon Lee.  As Ms. Lee states in her accompanying sworn declaration, Plaintiff has been a family friend of her deceased aunt and her uncle, Defendant Yun Hwa No, for about 30 years.  Since he was a family friend, Ms. Lee has known Plaintiff for approximately 15 years.  To her knowledge, Plaintiff at all times worked as the general manager of her uncle's business, Defendant New York Meat, Inc. ("NYM"), which is a wholesaler of steaks and other meats.  Picnic World did, on occasion, order meat from NYM (as it did from numerous other wholesalers), but the two business have no other relationship.  *See* Declaration of Jooyeon Lee, dated April 4, 2022 ("J. Lee Decl."), *passim*.

Together with this memorandum of law, Picnic World submits the declarations of its:

Owner, who attests that Plaintiff never worked for Picnic World;

General Manager, who attests that Plaintiff never worked for Picnic World;

Chef, who attests that Plaintiff never worked for Picnic World;

Hall Captain, who attests that Plaintiff never worked for Picnic World;

Waitress, who attests that Plaintiff never worked for Picnic World; and

Bookkeeper, who attests that Plaintiff never worked for Picnic World.

In his moving declaration, Plaintiff claims that he worked for "defendants" since 1993 *(see* Doc. 22-4, ¶ 4), which was twenty-three years before Picnic World was even formed.  He claims that "For Picnic World, Corp, I received catering orders, went shopping for restaurant supplies, groceries, and I also delivered catering foods to wedding parties", and he says he did this 2-3 weekends per month.  *Id*., ¶¶ 7-8.  In conclusory fashion, Plaintiff then claims that "many employees" were not paid overtime wages or spread of hours, and that he "knows" "that

2

it was not just my department but throughout the company, they applied the same such policies to its employees." Plaintiff had no "department" and he held no job at all with Picnic World. He does not name a single employee at Picnic World who was not paid all their wages in full, nor does he even claim to have spoken to any employees at Picnic World who told him that they were not paid their wages in full. His declaration is just a *pro forma* recitation, nothing but conclusory statements lacking even the minimally required specifics.

The declarations of actual Picnic World managers and employees accompanying this memorandum all confirm that Plaintiff never worked at Picnic World, and that if Plaintiff had performed any of the tasks he claims they necessarily would have known. For example, with respect to Plaintiff's claim that he ordered food for Picnic World, the lead chef (who acknowledges that he was paid all his wages in full) explains that he was responsible for ordering supplies and groceries, and that he has never seen Plaintiff work for Picnic World, certainly not ordering groceries, which was a task done only by the chefs or general manager. *See* Declaration of Sam Bong Ha, dated April 5, 2022.

The general manager of the restaurant confirms this and details how it was her job to make sure all food orders were taken and delivered, not Plaintiff's, and Plaintiff never performed any of those tasks, or anything else, for Picnic World. *See* Declaration of Eun Jung Lee, dated April 5, 2022. It is entirely possible that Plaintiff, in his capacity as the manager of NYM, may have received a call from someone at Picnic World who was looking to place an order for meat with NYM, but taking orders from various customers of NYM does not make Plaintiff an employee of all its customers.

Ming Zi Lin, a waitress at Picnic World since its beginning, explains in her declaration that she interacts with all of the restaurant's employees on a daily basis and has never seen

3

Plaintiff do any work whatsoever for Picnic World. *See* Declaration of Ming Zi Lin, dated April 5, 2022. She also confirms that she has been properly paid for all wages during the entirety of her employment. *Id*. In short, no one who actually works at Picnic World has seen Plaintiff working there, and all the tasks that Plaintiff claims to have performed were actually performed by others, not him. All these employees also confirm that they were properly paid all their wages.

## ARGUMENTS

### I. Plaintiff Has Not Met Even The Low Conditional Certification Standard.

Although the standard at the first stage of certification of a collective action is low, a plaintiff must still make a "modest factual showing" that he and fellow employees were "victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.). Key to this showing is whether plaintiffs "provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated ***rather than mere conclusory allegations***." *Qing Gu v. T.C. Chikurin, Inc.*, No. 13-CV-2322, 2014 U.S. Dist. LEXIS 53813, 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) (emphasis added); *accord Myers*, 624 F.3d at 555. "The burden is on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." *Saxon v. Title Max of Ala., Inc.*, 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006); *Ayers v. SGS Control Servs., Inc.*, 2004 WL 2978296, at *4 (S.D.N.Y. Dec. 21, 2004) (plaintiffs must show "that they and potential plaintiffs together were victims of a common policy or plan that violated the law").

4

"While plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs.*, LLC, 2011 U.S. Dist. LEXIS 133134, at *16 (S.D.N.Y. Nov. 16, 2011). "In fact, courts in this Circuit have routinely declined to authorize collective action notice when faced with similarly lacking evidence." *Id*. (collecting cases) (denying motion for collective certification).

Thus, conditional certification under § 216(b) of FLSA requires that, prior to subjecting the Defendants and the Court to the significant and costly burdens of a collective action, Plaintiff must make a factual showing that he is similarly situated and that questions common to a potential group of plaintiffs would predominate. "As the Second Circuit has explained, '[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'" *Meo v. Lane Bryant, Inc.*, No. CV 18-6360, 2019 U.S. Dist. LEXIS 174552, at *18-19 (E.D.N.Y. Sep. 30, 2019) (citing *Myers*, 624 F.3d at 555); *see also Morales v. Plantworks, Inc.*, No. 05 CIV. 2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) (stating that "conclusory allegations are not enough" to meet the "modest factual showing" at the first stage of collective action certification); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) (denying conditional certification "[b]ecause the proof in this case is specific to the individual [and plaintiff] ha[d] not provided evidence of a common thread binding his proposed class of employees").

The purpose of ensuring that a plaintiff has made a sufficient evidentiary showing of a similar policy, plan, or scheme is "to avoid the stirring up of litigation through unwarranted solicitation'" and to unnecessarily burden an employer "by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889,

5

894 (D. Md. 1995) (quotations & citations omitted); *see also Enriquez v. Cherry Hill Market Corp.*, No. 10-CV-5616, 2012 WL 440691, at *2 (E.D.N.Y. Feb. 10, 2012) (§ 216(b) notice should not "devolve[] into a fishing expedition or impos[e] undue burdens on the defendants").

As the court in *Hickmon v. Fun & Fit LLC*, No. 20-CV-10270, 2021 U.S. Dist. LEXIS 152895, at *6 (S.D.N.Y. Aug. 13, 2021), recently found:

> Even at the conditional certification stage, a plaintiff's burden under § 216(b) cannot be satisfied simply by unsupported assertions, or with conclusory allegations. Instead, a plaintiff must offer actual evidence of a factual nexus between her situation and those of other allegedly similarly situated employees.

(internal quotes omitted) (citing *Zhongle Chen v. Kicho Corp.*, No. 18-CV-7413, 2020 U.S. Dist. LEXIS 67935, 2020 WL 1900582, at *6 (S.D.N.Y. Apr. 17, 2020); *Qing Gu v. T.C. Chikurin, Inc.*, No. 12-CV-2322, 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014)). Conclusory allegations and unsupported assertions are not sufficient to support a motion for conditional collective action certification. *Myers*, 624 F.3d at 555.

Moreover, "Courts have demanded a more fulsome showing where the proposed collective includes members whose titles, duties, and places of work are not the same as the named plaintiff. In those cases, where allegations of similarity are based on observations and conservations with other employees, courts have held that information regarding "where or when these observations or conversations occurred . . . is critical *in order for the Court to determine the appropriate scope of the proposed class* and notice process." *Mata v. Foodbridge LLC*, No. 14 CIV. 8754, 2015 U.S. Dist. LEXIS 70550, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015); *see also Kwan v. Sahara Dreams Co. II, Inc.*, No. 17-CV-4058, 2021 U.S. Dist. LEXIS 126424, at * 8-11 (S.D.N.Y. July 7, 2021).

Moreover, "[W]hen a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the

plaintiff's showing." *Gomez v. Kitchenette 123 Inc.*, 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017). Here, Plaintiff only submits his own declaration in support of his motion. There is no corroboration. While a single declaration may be sufficient if it contains sufficient detail, there is no detail whatsoever in Plaintiff's.

Thus, Plaintiff has failed to show that he was similarly situated to *any* actual employee of Picnic World and has failed to identify any unlawful policy, plan, or scheme common to Plaintiff and to the putative class members beyond his strictly conclusory claim that "[he] knows" that "the company" (without saying which company) had the same policy throughout the company. This motion is the very type of "frivolous fishing expedition" that the courts have repeatedly rejected.[1]

## II. Plaintiff's Proposed Notice and Distribution Plan Is Neither Fair Nor Impartial.

To the extent the Court does grant conditional certification, which Picnic World believes would be inappropriate given Plaintiff's inability to meet even the low (but "not non-existent" *Kahn*, *supra*)) burden, Picnic World objects to Plaintiff's proposed notice and distribution plan for the same reasons as stated in NYM's memorandum of law in opposition. Rather than repeat those arguments here, Picnic World adopts and incorporates those arguments by reference.

---

[1] Additionally, Plaintiff's proposed class definition is also far too vague and overbroad, seeking to encompass "all current and former employees", even though Plaintiff has failed to show who was similarly situated. *See Flores v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 11378, at *7 (S.D.N.Y. Mar. 16, 2006) (denying conditional certification and holding that "where the named plaintiff is unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action certification is warranted").

7

### III. The Court Should Deny Plaintiff's Request For Equitable Tolling.

Plaintiff's request for equitable tolling should be denied as moot, as the collective certification should not be granted based in Plaintiff's conclusory claims. Furthermore, in an FLSA collective action, the limitations period continues to run for each prospective plaintiff until he or she files a written consent to join the lawsuit with the court. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014) (citing 29 U.S.C. § 256(b)). While equitable tolling permits a court to extend a statute of limitations, the Supreme Court has made plain that federal courts should grant such tolling "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is a "drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (affirming denial of equitable tolling); *Vasto v. Credico (USA) LLC*, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (refusing to toll claims despite pendency of motion for conditional certification for seven months).

To obtain equitable tolling, Plaintiff must show that "circumstances are so extraordinary that the doctrine should apply" and that the putative plaintiffs "acted with reasonable diligence." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (listing situations where equitable tolling is "generally considered appropriate," none of which apply here).

Here, with respect to equitable tolling, Plaintiff simply argues that since the law provides that the statute of limitations continues to run until a potential class member opts-in, the court should toll the statute. Plaintiff does not even attempt to show the presence of exceptional circumstances, though, as the Supreme Court and Second Circuit have clearly said is required, nor has Plaintiff acted with diligence, as he waited nearly a year after commencing this action before serving this motion.

8

## **CONCLUSION**

      For the foregoing reasons, Picnic World respectfully requests the Court deny Plaintiff's motion in its entirety.

Dated:  April 5, 2022

                                            HUR, LASH & CHOE, LLP

By: _____
          Robert L. Lash
*Attorneys for Defendant*
*Picnic World Corp.*
600 Sylvan Avenue, Suite 109
Englewood Cliffs, NJ 07632
Tel: (212) 468-5591
rlash@hlnylaw.com