# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

№ 21-CV-1422 (ENV) (RER)

—————————————

JUNG KEUN KIM,

Plaintiff,

VERSUS

NEW YORK MEAT, INC. ET AL.,

Defendants.

—————————

**MEMORANDUM & ORDER**

April 25, 2022

—————————

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Jung Keun Kim ("Plaintiff" or "Kim") commenced this action on March 17, 2021 (ECF No. 1) against New York Meat, Inc. ("New York Meat"), Picnic World, Corp ("Picnic World"), Jong Hwan No ("No"), and the estate of Yun Hwa No ("No Estate") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law § 650 *et seq*. ("NYLL"). (ECF No. 13 ("Am. Compl.")). Currently before the Court is Plaintiff's motion for conditional certification of a collective action under the FLSA. (ECF No. 24-1 "Pl.'s Mot.").

After carefully reviewing the record, for the reasons set forth herein, Plaintiff's motion is denied without prejudice.

1

## BACKGROUND

### I. Factual Allegations

Plaintiff is a resident of Queens County, New York, who alleges that he worked as a delivery person for Defendants from 1993 through December 11, 2020. (Am. Compl. ¶¶ 8–9, 37). New York Meat is a meat wholesale business located in the Bronx, New York. (Am. Compl. ¶¶ 3, 10; ECF No. 24-6 ("NYM Opp'n Mem.") at 1). Picnic World is a New York corporation that owns and operates a restaurant in the Flushing neighborhood of Queens, New York.[1] (Am. Compl. ¶¶ 4, 14; ECF No. 19 ("PW Ans.") ¶ 14). Plaintiff alleges that both businesses are engaged in interstate commerce and gross more than $500,000 in sales annually. (Am. Compl. ¶¶ 11–17).

Plaintiff alleges that he was employed by all Defendants; that New York Meat and Picnic World are joint employers with "a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership" that share employees; and that No is "engaged in" both businesses. (*Id.* ¶¶ 9, 18–20). Plaintiff alleges that before her death, Yun Hwa No owned and operated both New York Meat and Picnic World, and had "employed and managed" Plaintiff, assigning him tasks "regardless of the time of the day or day of the week" that included getting supplies for the restaurant, making deliveries, bringing things to the restaurant, as well as more personal tasks like late-night rides home from a casino in Yonkers, New York. (*Id.* ¶¶ 28–31). According to Plaintiff, defendant No took over New York Meat from Yun Hwa No, his mother, after she passed away, and No is currently "the Chief Executive Officer and the owner of New York Meat and Picnic World." (*Id.* ¶¶ 21–22). Plaintiff alleges that No makes all final employment decisions at New

---

[1] Plaintiff refers to the restaurant as "Sansookabsan II BBQ" while Picnic World refers to it as "San Soo Kap San 2", but it appears both parties are referring to the same entity.

York Meat and Picnic World; has authority to hire and fire employees and set pay practices; and "managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through New York Meat and Picnic World." (*Id*. ¶¶ 24–27).

Plaintiff alleges that during his employment, he regularly worked six or seven days per week, beginning his workday at 5:30 a.m. and ending between 4:00 p.m. and 6:00 p.m. (*Id*. ¶¶ 39–40). Plaintiff said he would report to work at New York Meat in the morning and spend the day "receiving orders, invoicing, delivery, and collect[ing] payment" until around 5:30 p.m., at which point he would shop for supplies for Picnic World's restaurant; Plaintiff alleges he also worked for the restaurant on weekends delivering catering orders, and was frequently called by restaurant managers "for shopping for restaurant supplies or other things they needed." (*Id*. ¶ 41). Plaintiff alleges that he was not a manager or supervisor. (ECF No. 24-2 ("Kim Decl.") ¶ 9). Despite regularly working more than 40 hours per week, Plaintiff alleges that he was paid a "fixed salary" and was not given overtime compensation at one-and-one-half times his normal rate of pay. (Am. Compl. ¶ 43). Plaintiff alleges he was also not given spread-of-hours pay when he worked more than ten hours in a day and says Defendants failed to provide him with wage notices and statements as required by law. (*Id*. ¶¶ 55, 59–60).

Plaintiff alleges that these practices are part of Defendants' policies, affecting "approximately one hundred similarly situated current and former non-exempt employees of New York Meat and Picnic World, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies." (*Id*. ¶ 33). Plaintiff alleges it is Defendants' policy to fail to pay proper overtime, fail to pay spread-of-hours pay, and fail to keep accurate time records as required by law. (*Id*. ¶ 35). Plaintiff states in his affidavit that during the period he was employed by Defendants, "many

employees worked over 10 hours per day, but they were not paid their overtime wage and spread of hours pay properly." (Kim Decl. ¶ 12). He adds: "I know the company had the same pay policy of paying the employee not all the hours worked by the employees and it was not just my department but throughout the company, they applied the same such policy to its employees." (*Id.* ¶ 13).

Defendants offer a starkly different version of the facts, alleging that New York Meat and Picnic World are separate, distinct businesses, and that Plaintiff never worked for Picnic World. (NYM Opp'n Mem. at 1; ECF No. 24-11 ("PW Opp'n Mem.") at 1). According to Defendants, New York Meat is wholly owned by No (NYM Opp'n Mem. at 4), while Picnic World was formed in 2016 and its sole owner is Jooyeon Lee, No's relative. (PW Opp'n Mem. at 2). Defendants insist that there "is no relationship between [New York Meat] and [Picnic World] other than [Picnic World] being a customer of [New York Meat]" and that New York Meat "has its own distinct tax identification number, employees, bank accounts, tax filings, etc." as a distinct and separate business. (NYM Opp'n Mem. at 5).

According to New York Meat, Plaintiff was a manager from 1999 through the end of his employment there, making him an exempt employee under the FLSA, and, as the only manager, not similarly situated to any other workers at New York Meat during that period. (*Id.* at 4).

According to Picnic World, Plaintiff was never an employee. (PW Opp'n Mem. at 1). Picnic World's owner, Ms. Lee, said she knew Plaintiff as a family friend of Yun Hwa No and No, and as a manager at New York Meat. (*Id.* at 2). However, Picnic World insists that aside from sometimes ordering meat from New York Meat, "the two businesses have no other relationship" and did not share Plaintiff as an employee. (*Id.*).

## II.  Procedural History

Plaintiff commenced this action on March 17, 2021, filing a complaint against only New York Meat and No. (ECF No. 1). After being properly served, New York Meat and No answered the complaint on April 19, 2021. (ECF Nos. 5, 7). The parties were then referred to mediation (ECF No. 8), which was not successful. In October 2021, Plaintiff asked the Court for leave to amend his complaint (ECF No. 11), which was granted. (ECF Order dated 11/01/2021). Plaintiff filed his Amended Complaint against all Defendants on November 3, 2021. (ECF No. 13). New York Meat and No amended their answer (ECF No. 16) and Picnic World, after being properly served with the Amended Complaint (ECF No. 17), answered on December 8, 2021 (ECF No. 19). A discovery schedule was then set (*see* ECF Order dated 01/12/2022) and discovery is ongoing (*see* Minute Entry dated 03/02/2022).

Plaintiff first moved for conditional certification on March 8, 2022 (ECF No. 22), but that motion was denied for contravening the Court's rules. (ECF Order dated 4/18/2022). Plaintiff now seeks (1) conditional certification of a collective action under the FLSA; (2) an order that Defendants produce contact information for all individuals "who have worked for the Defendants as a non-managerial employee or/and a misclassified managerial employee between March 19, 2018" and today; (3) authorization to issue Plaintiff's proposed notice to putative class members; (4) authorization of equitable tolling of the statute of limitations pending the expiration of the opt-in period; and (5) an order requiring Defendants to post the proposed notice at their businesses so it may be viewed by employees. (ECF No. 24-3 ("Pl.'s Mem.") at 13).

## DISCUSSION

I.    Legal Standard for Conditional Collective Action Certification

Section 216(b) of the FLSA permits the court to consider an employee's claims on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Courts in the Second Circuit use a two-step method to certify FLSA collective actions. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* "If conditional certification is granted, the putative collective members are then noticed." *Hong v. Mito Asian Fusion, Inc.*, No. 19-CV-3149 (EK) (RER), 2020 WL 9812908, at *1 (E.D.N.Y. Mar. 27, 2020), *adopted by* 2020 WL 9812907 (Sept. 28, 2020). At the second stage, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs" and, if it finds they are not, the collective action may be "de-certified" at that time. *Myers*, 624 F.3d at 537.

This motion concerns only the first stage. In order to obtain conditional certification, a plaintiff must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "In determining whether plaintiffs have met their burden, courts 'look[ ] to the pleadings and submitted affidavits' and do not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" *Liz v. 5 Tellers Assocs., L.P.*, No. 20-CV-212 (MKB) (RER), 2021 WL 1224518, at *3 (E.D.N.Y. Apr. 1, 2021) (quoting *Yu Zhang v. Sabrina USA Inc.*, No. 18 Civ. 12332 (AJN) (OTW), 2019 WL 6724351, at *2 (S.D.N.Y. Dec. 20, 2019)); *see also Hong*, 2020 WL 9812908, at *1. "Allegations

6

in the complaint and other conclusory statements that similarly situated employees exist are insufficient." *Liz*, 2021 WL 1224518, at *3 (citing *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (collecting cases)). A factual showing must be made, by affidavit or otherwise, supporting a finding that other employees are similarly situated. *Hong*, 2020 WL 9812908, at *1; *Prizmic*, 2006 WL 1662614, at *2. "Although plaintiffs' burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations." *Elamrani v. Henry Limousine, Ltd.*, No. 15-CV-2050 (ERK) (MDG), 2016 WL 5477590, at *2 (E.D.N.Y. Sept. 28, 2016) (collecting cases).

## II. Plaintiff Fails to Make the Modest Factual Showing Required to Support Conditional Collective Action Certification

Plaintiff has failed to meet the modest factual showing required to support the conditional certification of a collective action. Plaintiff alleges that "I know the company had the same pay policy of paying the employee not all the hours worked by the employees and it was not just my department but throughout the company, they applied the same such policy to its employees." (Kim Decl. ¶ 13). He has not, however, provided any details about any other specific employees, their job duties, their wages, or any of the modest information that is required to support a showing that any of Defendants' other employees are similarly situated to Plaintiff. The details provided are so scarce that Plaintiff has not even provided his own wage information, pay amount, rate of pay or pay schedule, and has not named a single other employee. The only evidence presented by Plaintiff are his pleadings and a single affidavit making nonspecific, conclusory allegations. (*See generally* Kim Decl.).

While Plaintiff is correct that a single affidavit can sometimes be enough to pass the low bar required for conditional certification of an FLSA collective action, those affidavits must provide enough information to make a modest factual showing that some group of employees was similarly situated in that they were subject to a similar policy that violates the FLSA. *See Huertero-Morales v. Raguboy Corp.*, No. 17 Civ. 2429 (JCF), 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) (collecting cases and noting that "[w]hile a single affidavit from a plaintiff can on its own merit conditional certification, conditional certification is not appropriate where a plaintiff 'provides no details about [his] conversations [with other employees] and provides no affidavits from any other employees corroborating [his] claims.'") (quoting *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009)). The bare and conclusory allegations provided here are simply not enough. *See Hong*, 2020 WL 9812908, at *3 (denying conditional certification of an FLSA collective action when "Plaintiff fail[ed] to provide sufficiently specific assertions about other individuals who suffered from the same FLSA violations"); *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 324 (E.D.N.Y. 2012) (denying conditional certification when "Plaintiff has not provided the Court with anything other than conclusory allegations and his own deposition testimony to support his assertion" that his employer's policies violated the FLSA); *Huertero-Morales*, 2017 WL 4046337, at *3 (denying conditional certification of an FLSA collective action when the plaintiff did not provide details about conversations with other employees and offered "only the most general terms and with scant factual support"); *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812, 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015) (denying conditional certification of an FLSA collective action when the plaintiff made conclusory allegations but "has not described with any detail what his own job duties are, and has not stated what other employees do and whether or how their responsibilities and treatment are similar to

8

his"); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification of an FLSA collective action when the plaintiff made broad allegations of a common policy that violated the FLSA but did "not, however, provide *any* detail as to a *single* such observation or conversation" of that policy affecting other employees). As such, Plaintiff's motion for conditional certification of an FLSA collective action is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion is denied without prejudice.

**SO ORDERED**

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: Brooklyn, New York
        APRIL 25, 2022