# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Nº 21-CV-1422 (ENV) (RER)

JUNG KEUN KIM,

Plaintiff,

VERSUS

NEW YORK MEAT, INC. *ET AL.*,

Defendants.

**SUMMARY ORDER**

**June 15, 2022**

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court is plaintiff Jung Keun Kim's ("Plaintiff" or "Kim") "amended" motion for conditional certification of a collective action under section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (ECF No. 27-1 to 27-3 ("Pl.'s Mot.")). Familiarity with the claims and defenses, Plaintiff's prior motion and memorandum and order denying it, and the parties' respective arguments is presumed. (ECF Nos. 13, 16, 19, 24, 26). After carefully reviewing the record and for the reasons set forth herein, Plaintiff's motion is denied.

Kim's first motion was denied because he failed to satisfy the modest factual showing required to support conditional certification of a collective action. (ECF No. 26 at 7-9). Plaintiff failed to provide any details about other specific employees, their job duties, their wages, or any of the modest information that is required to support a finding that any of defendants' other

1

employees were similarly situated to Plaintiff. (*Id.*) The details he provided were so scarce that Plaintiff had not even provided his own wage information, pay amount, rate of pay or pay schedule, and had not named a single other employee who was similarly situated to him. (*Id.*)

Plaintiff's affidavit in support of his "amended" motion fares little better. (ECF No. 37-2). Aside from naming several of defendants' current and former employees who he contends suffered from the same allegedly improper pay practices (*id.* at ¶¶ 13[1]-14[2]), Plaintiff provides none of the requisite details from which the Court can ascertain whether these employees were similarly situated to Plaintiff. Nothing about when or where the conversations with these employees occurred, or specifics as to what was discussed. Nothing about these employees pay rates or frequencies, or hours worked. And virtually nothing about specific job duties.

While a single affidavit can sometimes be enough to pass the low bar required for conditional certification of an FLSA collective action, those affidavits must provide enough information to make a modest factual showing that some group of employees was similarly situated to the plaintiff and subject to a similar policy that violates the FLSA. The bare and conclusory allegations provided here are simply not enough. Without such details, even the low bar for certification is not met. *E.g., Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481–82 (S.D.N.Y. 2016) ("When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved."); *Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL

---

[1] "I have spoken with and observed other employees of New York Meat and found that my experiences described here, specifically not getting paid overtime and spread of hours pay, and no use of time card to track hours worked are similar to other employees. These other employees include: Tae Sik Sohn, Dong Kwan Lee, Joon Hyuk Sohn, (Justin) Ji Hoon Hong, Sessa, and Eric. The above named employees also did deliveries, just like I did."

[2] "As for Picnic world, I have spoken with and/or observed Eun Jung Kim, Soo Il Choi, Young Gon Kim and found that they were paid in a similar way as I was paid. Although some had time cards, their pay was on fixed salary and they were not paid on hourly basis."

3457293, at *10 (S.D.N.Y. June 1, 2015) (noting that details as to observations and conversations with other employees "are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function"); *Reyes Cruz v. 70-30 Austin St. Bakery Inc.*, No. 18-CV-7408, 2019 WL 1929910, at *6 (S.D.N.Y. May 1, 2019) (denying collective certification where motion was based on a single affidavit that stated generally that plaintiff spoke with other employees but "d[id] not describe where or when these discussions took place, what the other employees were paid, what specific hours they worked or any other underlying details and offer[ed] only the conclusory assertion that the other employees were not paid overtime"); *Joshi v. Flagship S B Amsterdam NY, LLC*, No. 17-CV-5785, 2018 WL 1135566, at *4 (S.D.N.Y. Mar. 1, 2018)  (rejecting collective certification where plaintiff's affidavit "only vaguely describe[d] conversations with other wait staff about their 'work and pay' and [he] conclude[d] based on his 'experience' and these 'conversations' that other employees were not paid an overtime premium"). Accordingly, Plaintiff's "amended" motion for conditional certification of an FLSA collective action is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is denied.

**SO ORDERED**

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: Brooklyn, New York
        June 13, 2022

3