UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNG KEUN KIM on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MEAT, INC., PICNIC WORLD, CORP, the estate of Yun Hwa No and JONG HWAN NO<br><br>Defendants, | Index No.   21-CV-1422<br><br>**JOINT PRETRIAL ORDER** |

      Pursuant to the Court's January 10, 2023, scheduling order and this Court's Individual Motion Practices and Rules, plaintiff Jung Keun Kim ("Plaintiff") and defendants New York Meat, Inc., Picnic World Corp, and Jong Hwan No (together, "Defendants") submit their joint pretrial order.

1.     Full caption of the action: Jung Keun Kim vs. New York Meat, Inc., Picnic World, Corp., the Estate of Yun Hwa No and Jong Hwan No. 21-CV-1422

2.     Parties and Counsel.

      Trial Counsel for Plaintiff is Ryan J. Kim, Ryan Kim Law, P.C., 222 Bruce Reynolds Boulevard, Suite 490, Fort Lee, NJ 07024, Tel: (201) 897-8787 Fax: (201) 897-8787, email: ryan@ryankimlaw.com.

      Trial Counsel for Defendant New York Meat, Inc. ("NYM") and Jong Hwan No is Law Offices of Jonathan Y. Sue, PLLC, 303 Fifth Avenue, Suite 1207, New York, New York 10016, 212-967-1001 (Jonathan Y. Sue, js@jyspllc.com, appearing).

      Trial Counsel for Defendant Picnic World Corp. ("Picnic World") is Hur, Lash & Choe, LLP, 600 Sylvan Avenue, Suite 109, Englewood Cliffs, New Jersey 07632, 212-468-5590 (Robert L. Lash, rlash@hlnylaw.com, and Scott K. Hur, shur@hlnylaw.com, appearing).

3.     Jurisdiction.   This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's federal claim is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims for violation of the New York Labor Law ("NYLL") §650 et seq.

4. <u>Claims and Defenses (need citations of all relevant statutes)</u>.

Plaintiff has asserted four claims against Defendants:

(1) violation of the FLSA for Defendants' failure to pay Plaintiff overtime wages; 29 U.S.C. §207(a)

(2) violation of the NYLL for Defendants' failure to pay Plaintiff overtime wages; 12 NYCRR §142-2.2

(3) violation of the NYLL for Defendants' failure to pay Plaintiff spread of hours pay; 12 NYCRR §146-1.6 and

(4) violation of the NYLL for Defendants' failure to provide Plaintiff a time of hire wage notice and paystubs. NYLL § 195- 1(a).

Plaintiff claims defendants Jong Hwan No, New York Meat, Inc. and Party Well are joint employers and as such jointly and severally liable for plaintiff's unpaid wage.

Defendants generally deny these allegations and have asserted affirmative defenses of failure to state a claim; statute of limitations; good faith; no pendant jurisdiction over duplicate state law claims; no basis for liquidated damages based upon good faith; no factual basis for liquidated damages; plaintiff's actions proximately caused any damages; payment; and lack of employer-employee relationship between individual defendants and Plaintiff.

5. Statement of the Case

**Plaintiff's Statement:**

Plaintiff had worked for the No family (the late Mrs. No, and her son Mr. Jung Hwan No) for almost 30 years. Plaintiff was hired by the late Mrs. No who immigrated to the U.S. in 1982 and started restaurant and meat retail business.

Mrs. No ran a Korean restaurant called San Soo Kap San 2 as an owner and operator. She and her son Mr. No hired plaintiff to work initially at NYM and later at the restaurant. Around 2015, plaintiff was assigned to work at New York Meat (NYM) again, which is owned by Mrs. No's son Mr. No. While working at NYM full time during the week, plaintiff was required to work for the restaurant and Korean side dish business called SoPoong Janchi which is located next door to the restaurant. The side dish business is also owned by the No family. Mrs. No passed away in April 2020 and plaintiff was terminated in December 2020.

Plaintiff delivered catering food to restaurant's customers on the weekends and purchased and delivered items the restaurant needed whenever the restaurant employees asked.

For NYM, plaintiff's main job was to drive a company truck or van and delivery of meat products, pick up payments, and take orders from its customers. NYM labeled any employee its "manager" whenever it benefited them. NYM never tracked any of its employee's work hours contemporaneously until after plaintiff brought this suit.

Mr. No held himself out as the president of San Soo Gap San 2 on numerous occasions and directed plaintiff to work for the restaurant, side dish business and the banquet hall he owns. Mrs. No and the restaurant's employees called plaintiff at all times and asked him to run errands such as purchasing supplies for the restaurant and whatever Mrs. No wanted/needed plaintiff to do.

Plaintiff claims that he worked for the No family and all the businesses they own including New York Meat and Picnic World and that defendants are joint employers.   29 U.S.C. §§ 203(e)(1), 29 CFR § 791.2 (e)

**Defendants' Statement:**

**Defendants New York Meat, Inc. and Jong Hwan No's Statement:**

Defendant New York Meat, Inc.'s position is that plaintiff was at all relevant times an exempt employee, to wit a manager.   Plaintiff falls with the "executive" exemption.   Employees that are exempt are not subject to minimum overtime or spread of hour wages as long as their salary meets or exceeds minimum salary basis.

Plaintiff was paid on a salary basis of which the amounts exceeded the minimum requirement. His primary duty was to manage the entire business.   New York Meat's owner, Jong Hwan No spent between thirty minutes to one hour daily to check up on things.   Plaintiff was the person in charge and directed the work of all other employees.   The number of employees ranged from 7 to 12.

Plaintiff had the authority to hire and fire employees and in fact did so on several occasions. Plaintiff was responsible for maintaining employees' payroll, confirming compliance with labor laws and handling wages.   He also made suggestions and recommendations to the owner which were always honored.

3

Even if plaintiff is not determined to fall within the executive exemption, he was not entitled to overtime or spread of hours because he did not work in excess of 40 hours per week nor did his shift extend past 10 hours.   Plaintiff worked between 25 to 35 hours per week.

As manager, only plaintiff was provided with a company car, EZPass, credit card for gas and cellular phone.

Plaintiff's allegation of joint employer as to New York Meat, Inc. and Picnic World Corp., is baseless.   New York Meat, Inc., has always been solely owned by Jong Hwan No since it's incorporation on May 11, 1989.   It operates a wholesale meat business at Hunt's Point, Bronx.

Jong Hwan No has never had any ownership interest or control over Picnic World Corp., which operates a restaurant in Flushing, Queens.

Although New York Meat, Inc., did not provide pay notices or wage statements to plaintiff, he was completely and timely paid as promised and Defendants reasonably believed in good faith that it was not required to provide the plaintiff with pay notices and wage statements and as such plaintiff is not entitled to damages.   Defendants are only required to show one of the two requirements.

**Defendant Picnic World's Statement**

Picnic World Corp. was formed in 2016 by Jooyeon Lee ("Ms. Lee"), who is the sole owner, and operates a Korean restaurant in Flushing, New York called Sansookapsan.   Plaintiff never worked for Picnic World and was never its employee.   Additionally, Picnic World's only relationship with Defendant New York Meat ("NYM") is that NYM is one of its several vendors. There is no common ownership or management of Picnic World and NYM, and they are not joint employers.

Although Plaintiff alleges that he "delivered catering food to restaurant's customers on the weekends and purchased and delivered items the restaurant needed whenever the restaurant employees asked", for the entirety of Picnic World's ownership the restaurant never catered food. In addition, the items and supplies that the restaurant needed were delivered by outside vendors, not by Plaintiff.   Plaintiff also alleges that he ran errands for Yun Haw No ("Mrs. No"), who is the

4

mother of Defendant Jong Hwan No ("Mr. No") and that those personal errands, including taking her to casinos, constituted work for Picnic World. Although Mrs. No owned a defunct entity that had also operated under the Sansookapsan trade name, neither Mrs. No or Mr. No ever had any ownership interest in or worked for Picnic World.

6. <u>Jury or Bench Trial</u>.  Plaintiff has demanded a jury trial and trial is expected to last 2 weeks.

7. The parties have not consented to trial by a Magistrate Judge.

8. <u>Stipulations</u>: The parties' stipulations or agreed statements of fact or law are attached as **Schedule A**

9. <u>Witnesses</u>.  The parties' witness lists are attached as **Schedule B**.

10. <u>Designated deposition testimony</u>: are attached as **Schedule C.**

11. <u>Exhibits</u>.  The parties' exhibit lists are attached as **Schedule D**.

<u>Ryan J. Kim</u>

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd.
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

Date of service: